<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEFON BEATTY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 13-3089 (JBS) |
| | : | |
| v. | : | |
| | : | |
| GARY LANIGAN, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Stefon Beatty, *Pro Se*
# 879957A/762832
Bayside State Prison
4293 Route 47
P.O. Box F-1
Leesburg, NJ 08327

**SIMANDLE, Chief Judge**

Plaintiff, Stefon Beatty, confined at the Bayside State Prison, Leesburg, New Jersey, filed this civil action alleging violations of his constitutional rights. This Court issued an Opinion and Order administratively terminating the case for failure to pay the filing fee or to properly apply to proceed *in forma pauperis* ("IFP")(Docket Items 2, 3). Plaintiff has since provided an IFP application (Docket Item 4) and the Court issued an Order reopening the case on June 5,

2014, "solely for the purpose of the Court's consideration of Plaintiff's application" (Docket Item 5).  Based on the application to proceed IFP, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim.

## BACKGROUND

According to Plaintiff's Statement of Claims (Docket Item 1 at p. 5), at the time he arrived at Southern State Correctional Facility on July 31, 2013, Plaintiff was prescribed medication, including NARCO, a narcotic containing opiates.  At some point, Plaintiff was sent to medical and was charged for being twenty-eight pills short and ordered to do a urine sample.

The urine sample came up positive for opiates. He told Defendant Officer Reeves that he was on medication, but the officer did not inform "medical" or note the medication on the urine sample. Plaintiff either pled guilty or was found guilty of a disciplinary

charge for the positive test that included administrative segregation time, loss of computation time, loss of contact visits, and urine monitoring.

The day after his disciplinary charges were resolved, Plaintiff was escorted to medical by Defendant Sergeant Joyner. Plaintiff told the doctor that he tested positive for opiates, and the doctor pulled up Plaintiff's chart. The doctor showed Plaintiff and Defendant Joyner that Plaintiff, indeed, had a prescription for NARCO and asked Defendant Joyner why nobody from medical got a report. Defendant Joyner told the doctor that he did not want a report, and escorted Plaintiff out of medical. At the disciplinary hearing, Defendant Hearing Officer Oszvart denied Plaintiff a postponement in order to obtain a copy of his medical report.

Plaintiff files this lawsuit seeking monetary damages for the violation of his rights under 42 U.S.C. § 1983. He names as defendants Gary Lanigan, the Commissioner of the Department of Corrections (as superior to officers); C. Ray Hughes, the Warden of the Southern State Correctional Facility (as superior to officers); Officer Reeves (for not listing the medication on the urine sample); Sergeant Joyner (for refusing to take medical report from doctor); Paul Lagana, Administrator of Northern State Prison (as superior to officers); and J. Oszvart, Hearing Officer (for denying his request for postponement to obtain his medical records).

**DISCUSSION**

1. **Standards for a *Sua Sponte* Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening

4

for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

>  by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3. Plaintiff's Complaint Fails to State a Claim

#### A. Claims Against Defendants Reeves, Joyner, and Oszvalt

Plaintiff claims that Officer Reeves deprived him of his rights because, "he took my urine, and did not put [label] of my medications on urine specimen. Also neglected his responsibility." (Complt. at p. 7). As to Sergeant Joyner, Plaintiff argues that this Defendant denied him his medical report to put in his file to present as evidence for his charge. (*Id.*). Finally, Plaintiff asserts that Defendant Oszvart, the Hearing Officer, unjustly denied his requests for postponement to obtain his medical records. Plaintiff asserts that he received unjust disciplinary infractions as a result of these officers' actions and inactions. Thus, this Court construes these claims as due process claims, seeking monetary damages for false disciplinary charges and a procedurally-defective disciplinary hearing.

6

In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In *Preiser*, state prisoners who had been deprived of good conduct time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. *See* 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. *See* 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in *Preiser*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

> conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90.

In *Edwards v. Balisok*, 510 U.S. 641 (1997), the Supreme Court applied the lessons of *Preiser* and *Heck* to a state prisoner action, seeking compensatory and punitive damages, challenging the

constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good time credits, but not necessarily challenging the result and not seeking the restoration of the good time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. *See* 520 U.S. at 646-8.

Here, as the challenged false disciplinary charges and procedurally-flawed hearing here resulted in a loss of commutation time, the damages claim cannot proceed until such time as the disciplinary finding is invalidated through habeas corpus or some other appropriate means. Thus, Plaintiff's claims must be dismissed without prejudice.

  B. <u>Respondeat Superior Claims Against Remaining Defendants</u>

Plaintiff seeks to sue defendants Lanigan, Hughes, and Lagana for their roles as superiors to the officers involved in his case.

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). In *Iqbal*, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to *Bivens* and [section] 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, each government official is liable only for his or her own conduct. The Supreme Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates' conduct. *See id.* at 693.

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 127 n.5 (3d Cir. 2010) (citation and internal quotations omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130 (citation and internal quotations omitted.)

The Third Circuit has recognized the potential effect *Iqbal*

might have in altering the standard for supervisory liability in a section 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing the scope of the test. *See Santiago*, 629 F.3d at 130 n.8; *Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (stating in light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official). Therefore, it appears that, under a supervisory theory of liability, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right. *See Williams v. Lackawanna Cnty. Prison*, CV-07-1137, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks*, 885 F.2d 1099, 1117-18 (3d Cir. 1989); *see also Iqbal*, 556 U.S. at 676-686.

Here, Plaintiff alleges no facts regarding these Defendants' personal involvement in the alleged deprivation of Plaintiff's constitutional rights. Accordingly, this Court will dismiss the claims against these defendants under section 1983.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to Plaintiff filing a motion to reopen and an amended complaint to address the deficiencies, as set forth in this Opinion. An appropriate Order follows.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court

Dated:     **June 11, 2014**